# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**EUGENE KING,**
              **Plaintiff**

**v.**                                                        Civil Action No.
                                                                   3:04CV331-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
              **Defendant**

## MEMORANDUM OPINION

     This case presents plaintiff Eugene King's challenge to the decision of the Commissioner denying his claim to disability insurance benefits. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be vacated and the matter remanded for further proceedings.

     Mr. King filed his application in August of 2002, alleging that he had been unable to engage in any substantial gainful employment since May of 2002. After a hearing, the Administrative Law Judge ("ALJ") found that Mr. King suffered from severe impairments that prevented him from returning to any of his past relevant work. The ALJ further found that while Mr. King could not perform the full range of light work, he could perform a significant number of light jobs in the national economy.

     If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. <u>Studaway v. Secretary of HHS</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).

1

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight; indeed, it is entitled to controlling weight if uncontradicted. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the continuing viability of this important rule. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

In this case, the plaintiff submitted a medical report and Residual Functional Capacity statement from treating back surgeon, Dr. Dimar and from treating pain management anesthesiologist Dr. Collis. However, those were not submitted until after the ALJ had rendered a decision, so they were presented for the first time to the Appeals Council. The District Court is prohibited from considering as part of the evidence as a whole any material that was not before the ALJ. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). While several courts have criticized Cotton (see, O'Dell v. Shalala, 44 F.3d 855 (10th Cir. 1994), Mackey v. Shalala, 47 F.3d 951 (8th Cir. 1995), Perez v. Chater, 77 F.3d 41 (2d Cir. 1996), it remains authoritative in this Circuit. As the Appeals Council considered the new evidence but declined to review the decision, the

District Court is not permitted to consider that new evidence "in deciding whether to uphold, modify, or reverse the ALJ's decision." Cline v. Commissioner, 96 F.3d 146, 149 (6th Cir. 1996). This rule is puzzling, often harsh, but legally binding on this Court.

Thus, the question is whether the record, without regard to the late submitted papers, includes substantial evidence to support the decision of the Commissioner. The records clearly show that Mr. King suffers from a condition that can produce pain. The ALJ did not doubt that Mr. King has some pain, but concluded it was not so severe and distracting as to prevent performance of gainful work.

Mr. King's condition is confirmed by laboratory and clinical evidence. Dr. Dimar's physical examination showed decreased sensation in the S1 distribution and decreased strength down the leg. The Achilles; reflex was absent on the right. Tr. 176. Radiology showed a "significantly collapsed L5-S1 disc space." Tr. 180. Dr. Dimar was not hopeful that surgery could help his patient because of the specific nature of Mr. King's problem, i.e., "herniated disc centrally or protruded with degenerative disc disease." Tr. 179. He also informed Mr. King, who was a two pack a day smoker, that his smoking would negatively impact the chances of successful surgery. Thereafter, although he experienced significant withdrawal symptoms, Mr. King did quit smoking. Tr. 177.

Treating anesthesiologist Dr. Collis' records reflect clinical evidence of severe and worsening pain, despite attempts to address the problem with injections and less invasive therapies. In May of 2003, Mr. King had some radicular pain (Tr. 169), and by September of 2003, he was complaining of significant pain down his legs. Tr. 167. On exam, Dr. Collis noted gait problems, paraspinal muscle spasm and trigger points bilaterally in the paraspinal muscles

3

and the gluteal muscles. In addition, motor strength was decreased, there was decreased sensation to pinprick and light touch, and decreased range of motion. Tr. 167.

These physical findings as well as the continuing and progressive course of treating by Dr. Dimar and Dr. Collis are at odds with the ALJ's conclusions regarding lack of objective evidence and that Mr. King has had only conservative care. This requires that the matter be remanded for careful consideration of the record as a whole, including according to the opinions of the treating physicians the weight to which they are entitled.

An order in conformity has this day entered.